Andre D. Berry

V

STATE OF TEXAS

No. 05-13-01186CR
TRIABCT 380-82821-2012
PDR-0808-15

IN The CRIMINAL COURT OF APPEALS OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS
AUG 17 2015
83,751-01
Abel Acosta, Clerk

**This document contains some pages that are of poor quality at the time of imaging.**

AFFIDAVIT FOR Petition OF MANDAMUS

NOW Comes Andre Berry Petitioner filing his AFFIDAVIT TO File To This COURT A ATTached petition For WRit OF MANdemus, and Would Show The following:

I

That This is A Extraordinary Case That Requires The Court of Criminal Appeals To Exercise Original Jurisdiction Because Petition has No Adequate Remedy at Law, It involves Ministerial Acts, An Denial of petitioner's liberty a petitioner has Been unsuccessful in Obtaining Relief from Trail Judge An Abandoment Of Court appointed Attorney. petitioner (appellant is Indigent.

Respectfully Submitted
Prose Appellant Andre Berry #1878875

Court Appointed Attorney
Christopher Rowt
1207 University Dr suit 201
McKinney, Texas 75071
(214) 544-7406

Date 8/11/15

Appellant Attorney Marc frattle
(214)-471-3434

Andre D. Berry

v

STATE OF TEXAS

IN THE CRIMINAL COURTS OF APPEALS OF TEXAS

## PETITION FOR WRIT OF MANDAMUS

NOW comes Andre Berry Petitioner, By And Through his Attorney of Record Christpher Routt files this Application for Writ of Mandamus and complaining of District Judge Smith Respondent Would Show The Court The following:

ON The 25 Day of JUNE 2015 Respondent was The duly qualified And acting Presiding Judge of the 380th District Court of Collin County, Texas And on said date in cause No 380-82821-2012 styled The State of Texas vs. Andre Berry Exparte, Entered an improper order TO WIT; of Denieing Petitioner The Right To Be Heard an filing of Appellants Exparte Writ of HABeus chorpus of Illegal Restraint of His liberty an AN evidentiary hearing on his claims of Denial of his Appeals Bond an The Prosecutorial misconduct involving, Relief. These filings were accompanied By Affdavits of petitioner Appeals Attorney But in Each onSTance, Respondent AN State Court Arbitarsly use discerction on clerk, Appellants Attorney To denied A hearing or Refuse filing of His EXPARTE of HABeus of filing on Docket. See Whitsitt v Ramsay 719 S.W.2d 333(Tex.Cr.App.1986) AN Smith v. Flack, 728 S.W.2d 784(Tex.CR App.1987). The United States Supreme court has expressly Ruled That "A failure To develop The factual Basis of A claim is NOT established unless there is A lack of diligence, or Some Greater ar Petitioners counsel" Williams v. Taylor 529 U.S. 420, 120 S.ct. 1479, 146 Ed. 2d 435 (2000). Thus, Where the State Courts deny A hearing or do NOT permit introduction of Relevant evidence, A federal HABeas petition is entitled A hearing. Thomas v Varner, 428 F.3d 491 498(3d cir 2005) Wilson v Beard, 426 F.3d 653(3d cir 2005) Guidry v Drethe 397 F.3d 306, 322-24(5th Cir 2005) Evidentary hearing Appropriate Where Request For Hearing in State Court was denied).

## II

Here The Trial Court Used it discertion as onther form of Conviction an oppeersion on Petitioner By Deneying him so. Right Relief Also Respondent is Deneing Petitioner Bond an use of his discertion To offset Appealant on Appeal By having extent of Conflict with petitioner Attorney-Client privilege, an filing in Fifth Court of Appeal's Dallas of Rehearing an the filing of his discretionary Review in Thus said Court. Respondent is in Violation of Petitioner's his Sixth & Fourteenth Amendents to the US Constitution for/opposing him the Right To due Process Clause. Respondent also using his discertion to violate him on his Rights at Texas Appellate Codes an procedures Art 44.04(h) an (E) an Tex CR App. R. 209 (c) Rule 51., 50, an Rule 10.CA7 (5) Rule 49 an subdivison 49 (5) of texasRules of Appellate procedure. using Respondent discertion To Violate Petitioners Appeal an Dueprocess of his Appeal an violate the texas Constitution. Speth v. State app 14. Dist 1997) 939 sw 2d 769. Also Respondent Keeps using an Aritrary unReasunoble action against Realator Seaking punishment while on Appeal as well as A Constant Illegal Restraint By Respondent without No Bond, hearing or no Docket entry (Cite) Williams (App 2 Dist 1982) 630 S.W. 2d 803 2d 29. Habeas Corpus).

Here Respondent is using hearsay Allegations To also deny Appealant Bail which is unconstitutioned. Burroughs v State (Cr. App. 1981) 611 sw 2d 106.

## III

Said Order an Neglect of Petitioner an Restraint Illegal Detention was Improper And Void For The Following Reasons The Illegal Restraint By Respondent upon petitioner/Appellant cositutes. A Violation of his Liberty an his Eight Amendant, sixth Amendant, Fourteen Amendant, By Excessive Bail in the Past of $50,000.00, As well as Respondent Remanding Appellant Before mandate of his Appeal an

Restraining him without Bail, also Refusing him a Evidentiary hearing or Bail Revocation hearing is also Refusing to Timely File WRIT of Habeas Corpus is a Direct Violation of the United States Constitution An his Liberty to Be Heard. An his disceration of Attorney-Client priviledge For Proper Representation on Appeal.

## III

The acts Required of the Respondent are ministerial in Nature an a Violation of Appallant/Petitioner Rights an are not Subject to the disceration of the Respondent.

## IV

Petitioners has no Right of Appeal From the Action of the Respondent has of No Filing of his Writ of Habeas Corpus an No adequate Remedy at law other than Writ of Mandamus as prayed For herein

## V

The motions an orders involved were sent upon State appealant Court of Texas Fifth Court of appeals Seeking Releaf of original habeas corpus Jucsdiction in which court Find No Releaf For Petitioner Copies were Filed in Said Court of Appeals Fifth District of Texas At Dallas action overluoked By Court Appointed attorney appointed By Respondent, Orders Involved are marked as Exhibits A through D and are Attached here to An made part hereof.

## Prayer

Wherefore, Premises Considered, Petitioner prays that leave to File petition Be Granted, That The same be set For Submission, and that A writ of mandamus Be Issued By the Court ordering and directing the Respondent To set aside his order and to make docket Entry an hearing To File Petitioners writ of Habeas Corpus that is Filed in his Court an here Applenlent are Release From Illegal Restraint by Said Respondent an Reset Orignet Bond of $10.000.00 are Recognize Bond of Indigent Petitioner

ATTORNEY Christopher Routt
207 University Drive 702
McKinney, Texas
75071

Pro Se Andre Berry

2/300 Community Ave
McKinney, Texas
75071
#228825
8/11/15



SOWRN TO, SUBSCRIBED Before Me, By The SAID Andie Berry 11 DAY OF August 2015 AND TO Certify when WITNESS MY HAND AND SEAL OF OFFICE ?

DELLRA S. MURPHY
Notary Public
STATE OF TEXAS
My Comm Exp March 25, 2017

Dellra S. Murphy
NOTARY PUBLIC IN AND FOR STATE OF TEXAS

## Certificate of Service

I certify that forgoing WRIT OF MANDAMUS AN AFFIDAVIT is served on the Court of Criminal Appeals State of Texas in the following manners

☐ Personal delivery

☐ FAX:

☒ U.S. Mail P.O. Box 12308 Capitol Station Austin Texas 78711

Court Appointed Counsel
Christopher Rieott
1207 University Dr Suit 101
McKinny, Texas

8/11/15

Appellant Attorney
Marc Fraser (314) 847/3494

Prose. Appellant
Andre Berry
#228878
4300 Community Avenue
MCA

EXHIBIT A

EXHIBIT A

NO _____

EXPARTE

ANDRE BERRY

IN THE DISTRICT COURT
OF COLLIN COUNTY, TX

380TH Judicial District

## PETITION FOR WRIT OF HABEAS CORPUS FAILURE TO SET HEARING DATE OR RESET ORIGINAL BOND

TO THE HONORABLE COURT:

ANDRE D. BERRY the Relator by his Attorney, Marc Fratter, ESQuire Respectfully represents: Relators Petition For Writ of Habeas Corpus For Failure To Set Hearing Date or Rest ORIGINAL Bond In the Above Style Proceedings, In Support of Petition Relator would present the following.

### I

Petitioner was convicted of the offense of violation of A Protective Order And Sentenced to 4 Years Confinement In Texas Department of Corrections Institutional Division in Cause Number 380-52821-2012. Applicant/Relator Appealed this Conviction And that Appeal Remains Pending in Fifth Court of Appeals At Dallas An That Know Final Mandate or Final Stay Has Been Hand Down.

## II

On December 19, 2013 the 380th District Court Denied the Applicant/Relator the Right to motion to set AN Appeal Bail, upon Feburary 2014 the Relator filed A hand written Application for Writ of Habeas corpus of the Trial courts Illegal confinment According To Estrada v. State (Cr App 1980) 594 S. W. 2d 445, As well as Const. Art 3, #35, Putnam v State (cr App 1979) 582 S.W.2d 146, Relator has Right to Appeal Bond petitioner has so Right to Bother The Trial Court as well As clerk of Court violated Appealant in past procedurs, of the proper filing An timly maninre of the Hearing of Writ of Habeas of said petitioner. On March 24th 2014 well Behind Relators filing of Writ of Habeas corpus To said Clerk An Court the 380th District Court Finaly Reversed its Decision of Appeal Bond with out Answer To Relators Writ to said Court which is still Dated Answerd on Docket As of Date Trial Court without hearing or Appealant on Docket Set An $50,000.00 Appeal Bond With conditions with more Illegal Restraint when Trial Court Knew Applicant was Indigent onuer violation of the Eight Amendment of the united States consitition And Article I Section 11 an 13 of the Texas Constitution. Compean v. State App. 14 Dist 1999) 7 S. W. 3d 199. Mayo v State (Cr App 1981) 611 S. W. 2d 442.

## III

Also Relator Persisted in Trying To Communicate with Clerk of Court of said court 380th District court In Which Clerk Refused as Well As counsel To Obey former Writ of Habeas of Retraint as well as placing on proper Docket, Finally after Clerk An former counsel Jesse Allen failed to provide Any Notice, written Regarding writ of Habeas or Relators prose Motion to Be Heard, His prose writ of HABEAS this court filed An Application in Violation of the filing of the writs Time. Relator failed To Maintain communication with Counsel as to any aspect of His illegal Restraint Counsel failed To respond To Numerous written Letters Regard. Illegal Restraint By Trial court an Sheriff of said County Collin, Relator Hand wrote counsel Respond as it is outside His scope As An Appeals Attorney to help Relator Receive An Appeals Bond in which He was Told By Trial Judge, Administrating Chief Judge an Clerk. he failed To understand or Appreciate His obligation As Relators/Appealants Attorney An Believing, Albeit erroneously that if it field Relived him of that obligation : And Which He Presently did of this Date. Bail An Reason for Bail is A tool to Ensure The Petitioner an Guarantee An Individual Presence In courts an District court at future Dates when court of Appeals Issues Mandate. VERNON'S ANN. C. C. P. 1925, Art. 149 (see Now, Art. 1132) Pertaining to detention of Appellant under Authority of the Habeas corpus Controlled, An Not Arts 817 And 818, governing Appeals EXPARTE Davis CCAPP 1962 ) 171 TexCrim 629 353 SW

2 d 29 <u>HABEAS CORPUS</u>

<u>IV</u>

Since the Granting of an Appeal Bond made By 380th District Court Defendant Relator has Abided Be condition set of of him while on Appeals Bond Granted By Judge Smith of 380th District Court As Signed Appealed Bond By Trail Judge An Local Sheriff of said County of Collin Texas.

But upon June 16, 2015 Relator was Arrested And Detained By Plano Police Department Upon A Warrant Issued By 380th District Court Defendant was Arrested At Plano medical City of Plano on un Related charges. But was Served a warrant that was Issued June 15, 2015 out of 380th court Upon Arrest Defendant is still Detained an Illegaly restrained of his Liberty. with out proper Arraignment or given preliminary hearing of said Charge (A) The Evidence presented Against him At Said Hearing of Bond Forfeiture did not Establish A prima facie case

B. The Relater is Not Guilty of Any Offense Charge Against him

C. The Relater is Being Detained without Bail in Violation of Vernons Ann Texas Art 44.12 An Section 2 of act 1997, Act 2003, 78th Leg. ch 942 subsection (A) Also in violation of Art 44.04 Vernon Ann Tex. c.c.P. Art 44.04 (h) An (E) Also he is govern By Tex Cr App. R. 209(c) while on Appeal..

ALSO TRIAL COURT AN SAID CLERK, AN 380th DISTRICT COURT IS IN VIOLATION OF THE TEXAS RULES OF APPELLATE PROCEDURE RULE 50, AN RULE 10.11(A)(5) ALSO RULE 49 AN SUBDIVISION 49.5(C) AN 49.5, AS WELL AS 49.8 AS WELL AS 52.5 AS WELL AS Rule 53. OF THE TEXAS RULES OF APPELLATE PROCEDURE. Relator AN Petition is govern under United State Constitution.

Relator Believes that his confinement IS unlawful in that the proceeding were IN VIOLATION OF THE DUE PROCESS CLAUSES of Federal CONSTITUTION IN VIOLATION OF TEXAS CONSTITUTION, Speth. V State App (4e Dist. 1997) 939 SW2d 769

It is obvious of the History of this court with Relator that this COURT IS constantly ABUSING DISTRICT DISCRETION TO REMAIN Defendant TO A EXPRESS purpose second form of conviction while it AWAITS his Appeal BY incarcerating him While pending the outcome of his APPeal. this court without NO fashion of hiding keeps Constitutes an ARbitrary unreasonable action Against Relator seeking punishment while on APPeal as well as Constant Illegal Restraint without No Bond (Or hearing) that this court keep Denial of (Site) TO EXPARTE HARRIS (APP 3 DIST. 1982) 733 S.W. 2d 712. EXPARTE WILLIAMS (APP 4 DIST 1982) 630 S. W. 2d 803.

The Denial of A Hearing AN Bail Deprives Relator OF AN Opportunity to unhampered preparation OF his Appeal in that It Handcafs him Consulting with counsel AN otherwise participating and Aiding with New counsel on Appeal level of his defense It punishes the Relator in A Second means of Conviction. It keeps the Relator in custody upon the District Courts Illegal discretion.

The unlawful Detention of the Relator has resulted in the Basic Denial of his Constitutional Right of Due process while on Appeal AN the Illegal Restraint AN Denial of Hearing An Bond violate his right under the texas Appellate Codes AN procedures.

Wherefore the petitioner/Relator
PRAYER

He prays that this court Respectfully Grants Relator/Petitioner/Appellant The petition AN Issue The Writ of Habeas Corpus, conduct A hearing of Relator Being under restrained of his liberty by Granting Hearing An Bring said Body Before Said court on earliest docket entry to grant Relief on Restoring original Bond or Discharge Relator from said Illegal Restraint which is is currently Being held Atk the Collin county Detention Facility.

Date 7/16/15

Signed Andre Berry
Andre Berry

Respectfully Submitted
Prose Andre Berry

Signed (Jose Andre Berry)

Hand Appeal Attorney

Jesse Allen : 964-238-0910

Current Attorney Marc Fratter (214) 477-3494

Appellant Attorney on File

Marc Fratter 214 544 2116

Attorney Christopher Routt

DATE 7/16/15

CoA case No. 05-13-01186-CR
5th Court of Appeals

TCt No. 380-82821-2012
380th District Court

PD-0808-15
Court of Criminal-Appeals of
Texas

No _____

## OATH OF DECLARATION

I Andre Berry is Illegaly confined in the Collin County Detention Facity 1st of 300 Community Avenue Awaiting Relief Im Indigent on

Im making This OATH To the court

This DAY July 16 2015 so the Petitioner / Appellant, Relator

Andre Berry
#1413 31
Collin P?
735875

300 Community Avenue
Collin County Detention Facility
McKinny Texas
75075
(972) 4/30-4843

## Certificate of Service

I Certify that the forgoing Application An Petition for Writ of Habeas Corpus Failure To Set Hearing Date or Reset original Bond has been served on the State of Texas This day in the following manner.

☐ Personal delivery to 2100 Bloomdale Road Suite 100 McKinney, TEX

☐ Fasimile Transmisson To 214 219 L4860

☒ US Mail To 2100 Bloomdale Road Suite 100 McKinney Tx 75027

Signed 7/11/5

ATTORNEY FOR Relator
Christopher Ratt
Mark Fratter
1207 University Drive
Suite 100
McKinney, TX 75069

Rose Andre Berry
# 205875
4300 Community Avenue
Collin County Detention Center
McKinney, Texas 75071



Sworn to, an subscribed before me, by the said _Andre Berry_, this _16th_
Day of ___July___, 20_15_, to certify which witness my hand, and seal of
office.

_Mary E. Lewis_
Notary Public in and for The State of Texas

MARY E. LEWIS
Notary Public
STATE OF TEXAS
My Comm. Exp. March 25, 2017

Copy . Plase can Veird

7/14/15

Appellant/
Petitioner
André Berry
Andre Bry

Dear Andrea S Thompson

Clerk of Said Court
I'm Filing A Exparte Writ of HABeaos
There Is A Time Frame In the Filing of A Writ
The Reason Is I Have filed A Motion to
Reset Bond An NO Docket entry has Been
entered The Writ can not Be Heard
Per United States Consitution there has
Been A Problem At the clerks office
In Past Upon The Filing of Writ it is
Labeled It's on Docket Number In which
Not the same as Trial court Number
of Case Being that I'm on Appeal An
the Appeals court must Have Further
Records of all Filing on Said court I have
Already mailed A Timely copy of writ
To the Appealment court to keep track
of Filing BY Prose this time so writ
I'm Giving you is without Further Delay
Please Do Not Violate the consitution only
Further By NOT Taking Proper action
of writ of HATeas corpus. it can
Even Be Hand Written type or Emailed
To Clerk So Be Advised Upon the filing
of Write I'm asking you to make
Docket entry on Case ID Filing Number
To Be Forwarded To Trial court Be
Hearing of writ so Appeals court can
Record Actions An Clerks entry Thank You.

EXHIBIT B

## CAUSE NO. 380-82821-2012

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 380th JUDICIAL DISTRICT |
| | § | |
| ANDRE D. BERRY | § | COLLIN COUNTY, TEXAS |

### ORDER DENYING DEFENDANT'S REQUEST
### TO SET SUBSEQUENT APPEAL BOND

On _____, 2015, came on to be considered Andre D. Berry's Motion to Set Subsequent Appeal Bond filed on June 25, 2015.

The COURT FINDS on or about March 24, 2014 an appeal bond in the amount of $50,000.00 was approved by the Court. As a condition of the appeal bond Defendant was required to have a GPS ankle monitor attached to Defendant's ankle, to be worn at all times.

The COURT further FINDS that on or about June 15, 2015 the Deputy of the Collin County Sheriff's Department charged with supervision of the GPS monitoring of Defendant reported Defendant was not in compliance with his condition of bond related to GPS monitoring. Therefore, on June 15, 2015 this Court found by a preponderance of evidence as required by Texas Code of Criminal Procedure Article 44.04 (c) that Defendant violated a condition of his appeal bond, HELD the appeal bond of Defendant to be insufficient, authorized a warrant for the arrest of Defendant, and ORDERED Defendant to be held in the custody of the Collin County Detention Center without bond.

The COURT FINDS that on June 11, 2015 the Court of Appeals-Fifth District of Texas at Dallas in Cause No. 05-13-01186-CR, styled *Andre D. Berry v. The State of Texas*, affirmed the Judgment and Conviction of Defendant in Cause No. 380-82821-2012.

The COURT FINDS that on June 25, 2015 Defendant filed a Motion to Request a Subsequent Appeal Bond. Defendant also filed a request to extend the time to file a *Pro Se* Petition for Discretionary Review in the Texas Court of Criminal Appeals in Cause Number PD-0808-15.

The **COURT DENIES** the Defendant's request to set a subsequent appeal bond and FINDS that pursuant to Article 44.04(c) of the Texas Code of Criminal Procedure the Court has good cause to believe and does believe that Defendant would not appear when his conviction becomes final.

*Order Denying Defendant's Request*
*to Set Subsequent Appeal Bond*

The COURT ORDERS Defendant Andre D. Berry to remain in custody during the pendency of his appeal without bail, including any filing by Defendant or his attorney of a Motion for Rehearing, Motion for En Banc Reconsideration, Petition for Discretionary Review, Brief in Support of the Granting of a Petition for Discretionary Review, or any Motion for Rehearing filed in the Court of Criminal Appeals.

Date: _____ 22 July 2015 _____

THE HONORABLE BENJAMIN N. SMITH
JUDGE PRESIDING, 380th JUDICIAL DISTRICT
COURT OF COLLIN COUNTY, TEXAS

EXHIBIT C

CHIEF JUSTICE
  CAROLYN WRIGHT
JUSTICES
  DAVID L. BRIDGES
  MOLLY FRANCIS
  DOUGLAS S. LANG
  ELIZABETH LANG-MIERS
  ROBERT M. FILLMORE
  LANA MYERS
  DAVID EVANS
  DAVID LEWIS
  ADA BROWN
  CRAIG STODDART
  BILL WHITEHILL
  DAVID J. SCHENCK



## Court of Appeals
## Fifth District of Texas at Dallas

600 COMMERCE STREET, SUITE 200
DALLAS, TEXAS 75202
(214) 712-3400

LISA MATZ
CLERK OF THE COURT
(214) 712-3450
lisa.matz@5th.txcourts.gov

GAYLE HUMPA
BUSINESS ADMINISTRATOR
(214) 712-3434
gayle.humpa@5th.txcourts.gov

FACSIMILE
(214) 745-1083

INTERNET
HTTP://5TH.TXCOURTS.GOV

July 22, 2015

Andre Berry
No. 228875
Collin County Detention Center
4300 Community Ave.
McKinney, TX 75071

RE:     05-13-01186-CR
        Andre Berry v. The State of Texas

Dear Mr. Berry:

The Court is in receipt of your application for writ of habeas corpus seeking release on bail pending appeal. This Court has no original habeas corpus jurisdiction in criminal cases. Accordingly, we are returning the document to you.

Our record reflects that the Court issued its opinion affirming your conviction on June 10, 2015. A copy of the opinion is enclosed. Our record also reflects that you were granted an extension of time until July 31, 2015 to file a motion for rehearing. We do not show that a motion for rehearing has yet been filed. We suggest you direct further concerns regarding your case to your attorney.

Sincerely,

/s/     Lisa Matz, Clerk of the Court

Enclosure

cc:     Marc Fratter

ltr:mrh

EXHIBIT D

EX PARTE

§    IN THE DISTRICT COURT
§    OF COLLIN COUNTY, TX
§
§    380th JUDICIAL DISTRICT
§

ANDRE BERRY

§

## PETITION FOR WRIT OF HABEAS CORPUS
## FAILURE TO SET HEARING DATE OR RESET
## ORIGINAL BOND

FILED IN
Court of Appeals

JUL 21 2015

Lisa Matz
Clerk, 5th District

TO THE HONORABLE COURT:

ANDRE D. BERRY the Relator by his Attorney, Marc Fratter, Esquire Respectfully represents: Relators Petition for Writ of Habeas Corpus for Failure To Set Hearing Date or Rest Original Bond In the above Style Proceedings, In Support of Petition Relator Would Present the Following

I.

Petitioner was convicted of the offense of Violation of a Protective order And Sentenced to 4 Years Confinement In Texas Department of corrections Institutional Division in Cause Number 380-81282-2012. Applicant/Relator Appealed this conviction and that Appeal Remains Pending In Fifth Court of Appeals At Dallas an That Know Final Mandate or Final Stay Has Been Handed Down.



COLLIN COUNTY

ANDREA STROH THOMPSON
District Clerk
P.O. Box 578
McKinney, Texas 75070
(972) 548-4320
972-424-1460 Ext. 4320 (Metro)

July 22, 2015

To Whom It May Concern:

I have enclosed your _copy_ filing we received in our office, please send an <u>original signed and notarized</u> filing so that we can properly file your case. If you have any questions you may contact our office.

Sincerely,
Andrea Stroh Thompson, District Clerk
Collin County, Texas

By _____
    Erika Rhea, Deputy

Actual
Filed on 7/17/15 of writ of Habeas
Never
filed on Docket
the Date